UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH JEROME MIEDZIANOWSKI,

        Defendant.

No. 06 C 5629
(98 CR 923-1)
Honorable Blanche M. Manning,
Judge Presiding

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE SENTENCE

Now comes Defendant JOSEPH JEROME MIEDZIANOWSKI, by and through his attorney, Martin A. Blumenthal and replies to the Government's Response to Motion to Vacate Sentence as follows:

The Government's response to the Defendant's motion to vacate his sentence under 28 U.S.C. §2255 is full of legal conclusions rather than specific facts as to why the motion should not be granted. The law requires only that the petitioner clearly cite the grounds for his motion and support those grounds with specific facts. In fact, a model form is provided in the statute for submission to the court. The petition followed the statute and form.

Contrary to the government's opinion, ineffective assistance of counsel is the **only** constitutional issue that the courts prefer to be raised on collateral review. In fact, the government seems to

have missed that part of *Massaro v. United States*, which it cited in its response on page 23, where the Supreme Court states that the issue of ineffective assistance of counsel should generally **not** be raised on direct appeal but should wait until §2255 relief is sought. (Emphasis supplied) *Massaro v. United States*, 538 U.S. 500, 508 (2003). The government is clouding the issue and citing irrelevant case law on page 23 thereby trying to mislead the court as to the correctness of the §2255 motion as filed, as well as its intent and purpose compared to an appeal. This type of response from the government is unprofessional, unethical and disingenuous.

The government's response seems to gloss over the fact that Defendant's trial counsel actually wrote a note to the Defendant in the midst of trial that unambiguously stated "Dear Joe, Your defense truck needs new tires. The gas tank is empty. I'm going to pull it over to the side of the road and let it rust. Abogado". Apparently the Government's counsel has trouble reading this note and tries to footnote the note into obscurity by changing the word "rust" to "rest". Defendant challenges the government to pick any 5th grade class in the district's elementary schools and see how many of the pupils read the note as the Defendant does or as the government does.

Defendant adequately supports his motion by citing specific instances of his trial counsels' failure to preserve, maintain and discover evidence in his defense. All of the instances cited in the motion are consistent with trial counsel's unequivocal, undeniable, and conclusive abdication of his role as a provider of a zealous defense for his client. The government's constant refrain in this case has been "there was overwhelming evidence" against the defendants. It is no wonder

that the evidence was "overwhelming" since very little evidence was presented in his defense. He was not able to explain or discredit the tapes, present his own witnesses, or recover physical evidence in possession of the government.

A hearing on the allegations in the original §2255 motion is the proper method of determining the veracity, nature and extent of the lack of proper defense at trial. The defendant is serving a life sentence. Given the allegations in his motion and the result of the trial, a hearing is required in the interests of justice.

WHEREFORE, movant prays that the Court vacate the sentence previously imposed and grant him a new trial and such other relief as he may be entitled.

Respectfully submitted,

/s/ Martin A. Blumenthal

Martin A. Blumenthal, attorney for movant

Martin A. Blumenthal
Attorney for Defendant
1 Northfield Plaza Suite 300
Northfield, IL 60093
847-441-2687

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached document, Reply to Government's Response to Motion to Vacate Sentence, was served on the United States Attorney through the court's ECF system on 18 December 2006.

/s/ Martin A. Blumenthal