IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

Joseph Miedzianowski,

    Movant,

Case No. 98-CR- 923

**FILED**

JUL 3 1 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.

UNITED STATES OF AMERICA,

~~Honorable Blanche M. Manning~~ Judge Kendall

06 CV 5629

    Respondent,

_____/

MOTION FOR RELIEF FROM § 2255 JUDGEMENT;

<u>SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES</u>

Comes Now, Movant, Joseph Miedzianowski, appearing pro'se, and respect-fully moves this Honorable Court for an Order for relief from the judgment denying Miedzianowski, Section § 2255 relief, pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure.

    The instant motion is based on the Supporting Memorandum of points and Authorities, the files and records of the above -entitled cause, and any other matters that may come before the court's attention prior to or at the time of a hearing held in this matter.

1

SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

A. Facts and Procedural History

Before Miedzianowski was charged with criminal offenses by the Federal Government, he was already appearing before Judge Manning's Court as a defendant in a Complex Civil Rights Suit. See Klipfel v. Bureau of Alcohol, Tobacco, and Firearms, et al.94C6415 U.S District Lexis 14352 (N.D ILL.1996).

When Miedzianowski was there after charged with criminal offenses by the Federal government, his criminal case was then also assigned to the Honorable Judge Manning's Court. Miedzianowski and his counsel sought Judge Mannings Recusal from Miedzianowski's criminal case on the grounds that Manning's Court lacked impartiality. Judge Manning refused to recuse herself even though the Federal Civil Right's Suit, See Klipfel, in which Miedzianowski was a defendant, was still ongoing in Judge Manning's Court and had been for approximately three-years.

Allegations, as well as witnesses and defendants from the Kipfel Federal Civil Right's suit, did in fact appear in the criminal trial of Miedzianowski.

Miedzianowski serves a life sentence that was initially imposed on January 24th, 2003, and imposed once more after the Booker remand, on February 3, 2006.

In 2006, Miedzianowski timely filed a motion to vacate, set aside, or correct his life sentence under § 28 U.S.C § 2255. Attached thereto were numerous exhibits individually or collectively entitling Movant to an evidentiary hearing. Mannings Court however denied Miedzianowski's § 2255 without holding a hearing, nor reconsidering the issue of Judge Manning's recusal. During the pendency of Miedzianowski's § 2255, the Klipfel Federal Civil Rights Suit was still ongoing in Judge Manning's Court.

On October 29th, 2007, the Supreme Court affirmed the Seventh Circuit's denial of COA.

The motion follows.

B. <u>Argument.</u>

In <u>Gonzales vs. Crosby,</u> 545 U.S. 524 (2005), the Supreme Court held that there are times when an unsuccessful habeas petitioner may file a motion under Rule 60 (b) of the Federal Rules of Civil Procedure without conflicting with the Antiterrorism and Effective Death Penalty Act's "(AEDPA)", strict requirement for second or successive habeas petitions. The <u>Gonzales</u> Court explained that this distinction between a legitimate 60 (b) motion and second successive habeas is made by looking at the substance of the pleading, not the label given to it. <u>Id.</u> If the pleading raises "a claim" challenging the criminal conviction and/or sentence of the Court's resolution of the merits of such a claim, it is a thinly veiled second or successive habeas petition. <u>Id.</u>

But, on the other hand, where the Rule 60 (b) motion challenges a procedural function of the habeas proceeding, it cannot be said to qualify as a second or successive habeas.

When a court fails to address all the claims raised in a habeas petition, a procedural error has occurred for which Rule 60 (b) (4) may be employed. For example, in <u>Peach v. United States, 460 F. 3d 1269, (10th Cir. 2006),</u> the Court's failure to rule on one of the ineffective-assistance claims was sufficient grounds for Rule 60 (b) (4) relief since Peach, "does not challenge the merits of the District Court's resolution of his § 2255 motion, but only alleged in the integrity of the earlier § 2255 proceedings." <u>Id.</u> at 1271.

In <u>Weddington v Zatecky,     F. 3d.     (No. 11-3303), (Aug 1, 2013),</u> the Seventh Circuit interpreted AEDPA to require application of 28 U.S.C § 455 (a) to habeas proceedings. According to 28 U.S.C. 455 (a) "any Justice, Judge, or Magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." SEE <u>Liteky v. United States, 510 U.S. 540, 548, 144 S. CT. 1147, 127 L. Ed. 2d 474 (1994).</u> Section 455 (a) has been termed the "catchall provision, covering both 'interest and relationship' and 'bias and prejudice grounds." Id. at 548. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under 455. In applying this statute to habeas proceedings,

3

Weddington noted that 28 U.S.C. § 42 applies to appeals, not collateral proceedings. See 28 U.S.C § 42 ("no judge shall hear or determine an appeal from the decision of a case or issued or tried by him").

Weddington, also addressed the Court's sua sponte requirement regarding recusal when no party has made the objections. The petitioner there, (like Miedzianowski), did not challenge the habeas court's impartiality. That matters not, said Weddington: "This requirement is not limited to particular issues within that proceeding. "Id. Without question, Weddington, renders a procedural change in AEDPA. That the habeas court has a sua sponte obligation to evaluate "in any proceeding (whether her) impartiality might be reasonably be questioned," Id., is tantamount to the sort of procedural rulings and aspects typically addressed in a Rule 60 (b) motion. To be sure, Miedzianowski does not herein raise any "claim" that is otherwise governed by the AEDPA; indeed, he makes no claim against his conviction and/or sentence. Nor does Movant challenge the Court's resolution of the merits.

Rather, Movant asserts that Manning's Courts failure to sua sponte its ability to be impartial – given the long history it has presiding over cases involving Miedzianowski, See Klipfel, supra. - did affect the integrity of Miedzianowski's §2255 proceeding. Miedzianowski claims that Judge Manning's refusal to recuse herself, and deny a hearing to Miedzianowski's §2255, amounts to a procedural error and respectfully requests that this court reconsider its decision and grant Miedzianowski a hearing pursuant to 28 U.S.C.A §2255.

Having shown that a procedural error occurred, Movant must still establish that extraordinary circumstances warrant relief.

For this, Movant calls the Court's attention to the life imprisonment sentence it imposed. Since sentence imposition, the Supreme Court has had occasion to comment on Sentences of life without parole. 1/ " As for punishment, life without parole is the second most severe penalty permitted by law." Graham v. Flordia, 130 S. Ct.- 2011, 2027 (2011) (citation and quotations

4

omitted). "(Life without parole sentences share some characteristics with death sentences that are shared by no other sentences " Id.

Miedzianowski thus serves a sentence similar to capital punishment. To the extent that "death is different" in capital collateral proceedings, life without parole is different, as well See, Holman v. Page, 95 F. 3d 481, (7th Circuit-1996.)

The suspension Clause of the United States Constitution prohibits the suspension of the writ of habeas corpus except "when in cases of Rebellion or invasion the public safety may require it." U.S. Const. art. I § 9, cl.2. With the enactment of the AEDPA federal prisoners like Miedzianowski, have only one bite of the habeas apple. Second or successive § 2255 motions are rarely authorized, thus increasing the importance that the first § 2255 proceeding be heard by a judge who is without a doubt impartial and fit for conducting habeas review.

Manning's Court denied Miedzianowski; it's sua sponte consideration of recusal, and thus, its impartiality.

---

1/ The Sentencing Reform Act of 1984 abolished parole in the federal criminal justice system. See Skowronek v. Brennen, 896 F.2d 264, 266 (7th Cir. 1990).

C. Conclusion

Miedzianowski makes the modest request to have his § 2255 claims reviewed by another Court. With only 1 § 2255, allotted to him, Movant asks that a judge who has no partiality adjudicate it.

Dated: 28 July 2014

Respectfully Submitted,

Appearing Pro' Se

*[signature]*

Reg. No. 11502-424

F.C.I. Pekin, P.O. Box #5000

Pekin, Illinois 61555-5000

6